SCPW-15-0000311

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

LILY TAI NOMURA and RICHARD LEE, Petitioners,

vs.

THE HONORABLE MICHAEL K. TANIGAWA, JUDGE OF THE DISTRICT
COURT OF THE FIRST CIRCUIT, STATE OF HAWAI'I, Respondent Judge,

and

ASSOCIATION OF APARTMENT OWNERS OF CENTURY CENTER, INC.; ALOHA
RAINBOW INVESTMENTS, INC.; TAI YAMATO; WALTER SHINN; PATRICIA
SHIPLEY; LISA DO; SEAN CHAMBERLAIN; MICHAEL LIGHT; JAYSAN PARK;
ANTHONY WILLIAMS; JOHN PAUL PONDOC; LANE RICHARD; JUAN MANUEL
GUTIERREZ ALVARADO; JOHN DOES 1050; JANE DOES 1-50, Respondents.

---

ORIGINAL PROCEEDING
(CIV. NO. 1RC14-1-9031)

ORDER DENYING PETITION FOR WRIT OF MANDAMUS
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of Petitioners Lily Tai Nomura and Richard Lee's petition for a writ of mandamus, filed on April 3, 2015, the documents attached thereto and submitted in support thereof, and the record, it appears that Petitioners fail to demonstrate that the respondent judge committed a flagrant and manifest abuse of discretion in denying their motion to set the amount of a supersedeas bond. Petitioners have filed an appeal in the underlying proceeding (CAAP-15-0000119) and, therefore,

may seek relief in the district court or in the Intermediate Court of Appeals, as appropriate.  Petitioners are not entitled to the requested writ of mandamus.  See Kema v. Gaddis, 91 Hawaiʻi 200, 204-05, 982 P.2d 334, 338-39 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action; where a court has discretion to act, mandamus will not lie to interfere with or control the exercise of that discretion, even when the judge has acted erroneously, unless the judge has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court under circumstances in which he or she has a legal duty to act); Honolulu Advertiser, Inc. v. Takao, 59 Haw. 237, 241, 580 P.2d 58, 62 (1978) (a writ of mandamus is not intended to supersede the legal discretionary authority of the trial courts, cure a mere legal error, or serve as a legal remedy in lieu of normal appellate procedure).  Accordingly,

IT IS HEREBY ORDERED that the petition for a writ of mandamus is denied.

DATED: Honolulu, Hawaiʻi, May 6, 2015.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson



2